IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


ALLEN K. LOPP                                                                    PLAINTIFF


v.                                          CIVIL NO. 25-5181


FRANK BISIGNANO, Commissioner
Social Security Administration                                                  DEFENDANT


**<u>MEMORANDUM OPINION</u>**

Plaintiff, Allen K. Lopp, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial

review of a decision of the Commissioner of the Social Security Administration (Commissioner)

denying his claims for a period of disability and disability insurance benefits (DIB) under the

provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must

determine whether there is substantial evidence in the administrative record to support the

Commissioner's decision.  *See* 42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff protectively filed his current application for DIB on November 29, 2022, alleging

an inability to work since November 29, 2022, due to severe neuropathy in the legs, nerve pain in

the lower back, cubital tunnel syndrome in both arms, morbid obesity, diabetes, and sleep apnea.

(Tr. 62, 180).  An administrative telephonic hearing was held on May 30, 2024, at which Plaintiff

appeared with counsel and testified. (Tr. 34-61).

By written decision dated July 8, 2024, the ALJ found that during the relevant time period,

Plaintiff had an impairment or combination of impairments that were severe. (Tr. 16).  Specifically,

the ALJ found Plaintiff had the following severe impairments: neuropathy, obesity, degenerative

disc disease of the lumbar spine, degenerative disc disease of the thoracic spine, and degenerative disc disease of the cervical spine. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally lift twenty pounds and frequently lift ten pounds. With normal breaks, he can sit for a total of six hours out of an eight-hour workday and stand and/or walk for a total of six hours out of an eight-hour workday. In terms of postural limitations, he can occasionally climb ladders, ropes, or scaffolds. He can occasionally stoop, crouch, and crawl. The claimant cannot perform overhead work and can occasionally feel with his bilateral upper extremities.

(Tr. 17). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a marker, a routing clerk, and a router. (Tr. 26-27).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on July 1, 2025. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 9, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.     Applicable Law:

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154

(2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision.  *Id.*

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is

3

reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. *Id*.

### III.    Discussion:

In his appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence. In making this claim, Plaintiff argues the following issues on appeal: A) The ALJ failed to evaluate PA-C Smith's opinion in a manner that was supported by substantial evidence; and B) The ALJ failed to perform the mandatory multi-factor analysis for Dr. Musick's disability placard opinion. (ECF No. 9). Defendant argues the ALJ properly considered all the evidence, and the decision is supported by substantial evidence. (ECF No. 12).

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. *Id*.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id*.

In the present case, the ALJ determined that Plaintiff maintained the RFC to perform light work with some postural and manipulative limitations. A review of the record reveals Plaintiff, a

diabetic, was treated for extremity, neck and back pain throughout the relevant time period. In April of 2024, Plaintiff presented to the University of Arkansas for Medical Sciences neurosurgery clinic for an evaluation of his neck pain. (Tr. 1285). Plaintiff described his pain as a squeezing of his spine that caused spasms in his legs leaving him sometimes unable to walk. Plaintiff also reported coordination problems that had caused him to fall multiple times and to drop objects. Dr. Stenia Accilien noted a CT myelogram revealed "an area where the cord is pushed anteriorly being compressed against the posterior wall of the VB [vertebral body]." (Tr. 1288). Dr. Accilien's neurological examination of Plaintiff revealed intact cranial nerves bilaterally, 5/5 strength throughout except for 4/5 grip strength, bilateral peripheral neuropathy with the ability to feel light touch only at baseline and that Plaintiff was able to stand up from a chair with "a lot of difficulty." Dr. Accilien assessed Plaintiff with a thoracic arachnoid cyst with clinical symptoms of myelopathy[1] and recommended Plaintiff undergo both cervical and thoracic spine MRIs before determining the plan of care. A May 13, 2024, thoracic spine MRI revealed a dorsal arachnoid web[2] that was unchanged compared to the previous thoracic spine MRI dated August 2023. (Tr. 1335). While the April of 2024 MRI showed that the focal anterior displacement of the thoracic spine was unchanged when compared to the August of 2023 study, a review of the record appears to show that the non-examining medical consultant who opined Plaintiff could perform light work in October of 2023 did not have the August of 2023 MRI before her when assessing Plaintiff's capabilities. (Tr. 74-76). In fact, Thurman Gregory Smith, PA-C, is only medical professional who

---

[1] Myelopathy is a spinal cord compression that can cause pain, numbness, and difficulty moving certain parts of the body. https://my.clevelandclinic.org/health/diseases/21966-myelopathy (Accessed April 29, 2026).

[2] A dorsal arachnoid web is a rare condition involving abnormal formation of arachnoid mater that may result in the herniation of the spinal cord and significant neurologic symptoms. Dorsal arachnoid web: A rare clinical entity (February 2022), https://pubmed.ncbi.nlm.nih.gov/35217252

appears to have reviewed the August of 2023 thoracic spine MRI prior to providing a medical opinion as to Plaintiff's capabilities. (Tr. 1256). On April 15, 2024, PA Smith opined that Plaintiff was able to perform a limited range of sedentary work. *Id*. However, the ALJ found this opinion unpersuasive as the MRI evidence relied upon by PA Smith showed only "mild to no abnormal findings" which does not align with evidence of record. (Tr. 24, 1100). After reviewing the record, the Court finds remand necessary for the ALJ to more fully and fairly develop the record with respect to Plaintiff's alleged peripheral neuropathy and myelopathy.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

## IV. Conclusion:

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 29th day of April 2026.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

6